STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID GREER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1004** (BOR Appeal No. 2047052)
                    (Claim No. 2009084832)

**EASLEY AND RIVERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Greer, by Sean Harter, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Easley and Rivers, Inc., by Charles R. Bailey and Dawn E. George, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2012, in which the Board reversed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 8, 2011, decision which denied temporary total disability benefits from July 28, 2010, through January 25, 2011. The Office of Judges also reversed the claims administrator's October 19, 2010, decision which denied temporary total disability benefits from March 11, 2010, through July 16, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Greer worked as a safety manager for Easley and Rivers, Inc. On January 22, 2009, Mr. Greer injured his lumbar spine and left hip as a result of slipping and falling on the snow. Mr. Greer stopped working as a result of his injury, but his claim was initially denied by the claims administrator. The Office of Judges then held the claim compensable for a lumbar strain,

a hip strain, a thoracic strain, and a thoracic compression fracture. The Office of Judges also granted Mr. Greer temporary total disability benefits from January 26, 2009, up until the point where Mr. Greer would reach the maximum degree of medical improvement. The Office of Judges also determined that Mr. Greer had not reached the maximum degree of medical improvement as of March 10, 2010. Mr. Greer then came under the care of Christopher Courtney, D.O., who found that Mr. Greer was unable to work and that he continued to have left hip and low back pain. Dr. Courtney also diagnosed Mr. Greer with a labral tear. Vincent J. Miele, M.D., then evaluated Mr. Greer and found that he was still disabled and had not reached the maximum degree of medical improvement. On October 19, 2010, the claims administrator denied Mr. Greer's request for temporary total disability benefits from March 11, 2010, through July 16, 2010. Christopher Martin, M.D., then evaluated Mr. Greer and found that he had recovered from his left hip and low back strain. Dr. Martin found that Mr. Greer's current symptoms related to his pre-existing degenerative changes. Dr. Martin then found that Mr. Greer had reached the maximum degree of medical improvement. On September 8, 2011, the claims administrator denied a second request for temporary total disability benefits from July 28, 2010, through January 25, 2011. On February 22, 2012, the Office of Judges reversed both claims administrator decisions and granted Mr. Greer temporary total disability benefits from January 26, 2009, until he reached the one hundred and four week limitation established under West Virginia Code § 23-4-6(c) (2003). The Board of Review then reversed the Order of the Office of Judges on July 31, 2012, leading Mr. Greer to appeal. The Board of Review granted Mr. Greer temporary total disability benefits from March 11, 2010, through July 16, 2010, but reinstated the claims administrator's decision denying temporary total disability benefits from July 28, 2010, through January 25, 2011.

The Office of Judges concluded that Mr. Greer was entitled to one hundred and four weeks of temporary total disability benefits as a result of his compensable injury beginning on January 26, 2009. The Office of Judges determined that Mr. Greer had reached the maximum degree of medical improvement on July 31, 2011. The Office of Judges based this determination on the report of Dr. Martin. The Office of Judges found that Dr. Martin was the first physician to find that Mr. Greer had reached the maximum degree of medical improvement. But the Office of Judges found that Dr. Martin's insistence that Mr. Greer's current disability was related to degenerative changes was rebutted by the opinions of Dr. Miele and Dr. Courtney. The Office of Judges found that both Dr. Miele and Dr. Courtney believed that Mr. Greer could not return to work up to the date that Dr. Martin determined that he had reached the maximum degree of medical improvement. The Office of Judges then found that Mr. Greer's temporary total disability benefits should be limited to one hundred and four weeks under West Virginia Code § 23-4-6(c).

The Board of Review reversed the Order of the Office of Judges. The Board of Review concluded that Mr. Greer's need for temporary total disability benefits beyond July 16, 2010, was not related to the compensable conditions of the claim. The Board of Review found that on April 20, 2010, Dr. Courtney attributed Mr. Greer's pain primarily to left hip pain and diagnosed Mr. Greer with a labral tear. The Board of Review found that Mr. Greer's temporary total disability benefits should have stopped at the time of the diagnosis. The Board of Review found

that Easley and Rivers, Inc., did not contest granting Mr. Greer temporary total disability benefits up to July 16, 2010.

The decision of the Board of Review was based on a material mischaracterization of the evidentiary record. There is no evidence in the record which would justify suspending Mr. Greer's temporary total disability benefits prior to the one hundred and four week time limit under West Virginia Code § 23-4-6(c). Mr. Greer has not been released to return to work nor has he actually returned to work. Mr. Greer was not found to have reached the maximum degree of medical improvement until he was evaluated by Dr. Martin on July 13, 2011. Although Dr. Courtney diagnosed Mr. Greer with a non-compensable labral tear, he also found that Mr. Greer continued to suffer from low back pain which affected his daily living. Mr. Greer is entitled to temporary total disability benefits for one hundred and four weeks beginning on January 26, 2009.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with direction to reinstate the February 22, 2012, Order of the Office of Judges.

Reversed and remanded.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II